1008

[Civ. No. 13772. First Dist., Div. One. Nov. 17, 1948.]

JOHN S. EVANS et al., Respondents, v. CARLO CALETTI et al., Appellants.

Melvin, Faulkner, Sheehan & Wiseman for Appellants.

Phillip A. Kennedy, Leonard J. Bloom and Price & Morony for Respondents.

WARD, J.—The substance of the allegations of the complaint herein, though amended at the trial, is similar to that of the two preceding cases, *Rutherford* v. *Standard Engineering Corp., ante,* p. 554 [199 P.2d 354] and *Wilson* v. *Standard Engineering Corp., ante,* p. 1007 [199 P.2d 363]. However, the complaint is in two counts instead of four, and the *alter ego* theory is referred to in one count directly, and in the second by reference. The word "warranted" is not used in the complaint, but the alleged breach of contract is in fact a breach of warranty and was so treated by counsel and the court during the trial of the case. In his opening statement, the attorney for plaintiffs said: "I represent Mr. John S. Evans and Russell E. Sauvage. They had the same experience as the others had and on which this action is based." The instructions are the same as in the Rutherford and Wilson cases. On appeal, plaintiffs argue that throughout the record of the three consolidated cases, the term "distributors" is used as a warranty in designation of the plaintiffs as outlets in the distribution of defendants' products. It is stated that "The courts hold that it is of no materiality in litigation of this type whether an agency is created or a relationship of buyer and seller and that the particular terminology employed is of no importance." Respondents, referring to the three cases, state: "Contractual obligations of the defendants were clearly stated and undertaken which in each instance were the same. As will be demonstrated, each contract was breached by the defendants from its inception. In another sense, these assurances, embodied in the contract and false

in nature, may likewise be considered as fraudulent. . . . With the strength of the evidence presented by the plaintiffs, there can be but this one conclusion: a deliberate and preconceived plan was embarked upon by the defendants to mislead and delude the plaintiffs by contractual provision and false representation." The errors therefore are equally prejudicial as in the previous cases.

The judgment is reversed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied December 17, 1948, and respondents' petition for a hearing by the Supreme Court was denied January 13, 1949. Carter, J., and Traynor, J., voted for a hearing.